United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

MICHAEL WOODS,

                Petitioner,

  vs.

TIM VIRGA,

                Respondent.

_____/

No. C 13-0009 PJH (PR)

**ORDER LIFTING STAY AND FOR RESPONDENT TO SHOW CAUSE**

Petitioner, a California prisoner filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner was convicted in Alameda County, which is in this district, so venue is proper here. *See* 28 U.S.C. § 2241(d). This case was stayed so petitioner could exhaust further claims and he has filed an amended petition and a motion to lift the stay.

**BACKGROUND**

A jury convicted petitioner of first degree murder, second degree murder and possession of firearm by a felon. He was sentenced to 190 years to life in prison. Petitioner's appeals to the California Court of Appeals and California Supreme Court were denied. His habeas petition to the California Supreme Court to exhaust additional claims was also denied.

**DISCUSSION**

**A.    Standard of Review**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §

2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975).  Habeas corpus petitions must meet

heightened pleading requirements.  *McFarland v. Scott,* 512 U.S. 849, 856 (1994).  An

application for a federal writ of habeas corpus filed by a prisoner who is in state custody

pursuant to a judgment of a state court must "specify all the grounds for relief available to

the petitioner ... [and] state the facts supporting each ground."  Rule 2(c) of the Rules

Governing § 2254 Cases, 28 U.S.C. foll. § 2254.  "'[N]otice' pleading is not sufficient, for the

petition is expected to state facts that point to a 'real possibility of constitutional error.'"

Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir.

1970)).   "Habeas petitions which appear on their face to be legally insufficient are subject

to summary dismissal."  *Calderon v. United States Dist. Court (Nicolaus)*, 98 F.3d 1102,

1108 (9th Cir. 1996) (Schroeder, J., concurring).

**B.     Legal Claims**

As grounds for federal habeas relief, petitioner asserts: (1) the trial court erred by

denying his motion to sever the charges of the two murders in violation of due process; (2)

ineffective assistance of counsel for failing to properly schedule an expert and the trial court

erred in denying a continuance; (3) erroneous jury instruction; (4) ineffective assistance of

appellate counsel for failing to raise *a Brady* claim; and (5) ineffective assistance of

appellate counsel for failing to raise a claim that extra security during trial violated due

process.  These claims are sufficient to require a response.

### CONCLUSION

1.  The motion to lift the stay (Docket No. 9) is **GRANTED** and this case is

**REOPENED**.

2.  The clerk shall serve by regular mail a copy of this order and the amended

petition (Docket No. 7) and all attachments thereto on respondent and respondent's

attorney, the Attorney General of the State of California.  The clerk also shall serve a copy

of this order on petitioner.

3.  Respondent shall file with the court and serve on petitioner, within sixty days of

the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules

1   Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be

2   granted.  Respondent shall file with the answer and serve on petitioner a copy of all

3   portions of the state trial record that have been transcribed previously and that are relevant

4   to a determination of the issues presented by the petition.

5        If petitioner wishes to respond to the answer, he shall do so by filing a traverse with

6   the court and serving it on respondent within thirty days of his receipt of the answer.

7        4.  Respondent may file a motion to dismiss on procedural grounds in lieu of an

8   answer, as set forth in the Advisory Committee Notes to  Rule 4 of the Rules Governing

9   Section 2254 Cases.  If respondent files such a motion, it is due fifty-six (56) days from the

10  date this order is entered.  If a motion is filed, petitioner shall file with the court and serve

11  on respondent an opposition or statement of non-opposition within twenty-eight (28) days of

12  receipt of the motion, and respondent shall file with the court and serve on petitioner a reply

13  within fourteen days of receipt of any opposition.

14       5.  Petitioner is reminded that all communications with the court must be served on

15  respondent by mailing a true copy of the document to respondent's counsel.  Petitioner

16  must keep the court informed of any change of address and must comply with the court's

17  orders in a timely fashion.  Failure to do so may result in the dismissal of this action for

18  failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).  *See Martinez v.*

19  *Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

20       **IT IS SO ORDERED.**

21  Dated: February 18, 2014.        _____

22                                   PHYLLIS J. HAMILTON
                                     United States District Judge

23

24  G:\PRO-SE\PJH\HC.13\Woods0009.osc.wpd

25

26

27

28